

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-16-2008

# USA v. Lansdowne

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2819

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Lansdowne" (2008). *2008 Decisions.* Paper 358.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/358

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2819
_____

UNITED STATES OF AMERICA,

Appellee

v.

CARL LANSDOWNE,

Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
Criminal No. 06-cr-00427-1
(District Judge: The Honorable R. Barclay Surrick)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 11, 2008

Before: McKEE, SMITH, and WEIS, *Circuit Judges*

(Filed:  October 16, 2008)

McKEE, <u>Circuit Judge</u>

Carl Lansdowne appeals the judgment of conviction and sentence that was entered pursuant to his conditional guilty plea after the district court denied his motion to suppress. For the reasons that follow, we will affirm.

## I.

Because we write primarily for the parties, it is not necessary to recite the facts or history of this case except as may be helpful to our brief discussion. At the suppression hearing, the government argued that the car Lansdowne was riding in was stopped pursuant to a valid traffic stop. Lansdowne claimed that the stop was merely a pretext to stop a car containing three Black males. He claimed that police searched him, "despite the absence of any reason to believe that he was armed or dangerous, solely because a fellow passenger was armed." Lansdowne's Br. at 17.

Lansdowne asks us to reject the "automatic companion" rule whereby "'any companion of an arestee would be subject to a 'cursory pat-down' reasonably necessary to give assurance that they are unarmed.'" *United States v. Wilson*, 506 F.3d 488, 494 (6th Cir. 2007) (quoting *United States v. Bell*, 762 F.2d 495, 498 (6th Cir. 1985)). However, although the district court emphasized that another passenger was armed, it did not rest its denial of Lansdowne's suppression motion solely on that fact. Instead, the district court found reasonable suspicion to search based on the totality of the circumstances. Our review of the testimony at the suppression hearing confirms that the officers had reasonable suspicion to pat Lansdowne down for weapons.

We begin by noting that this traffic stop was legal from its inception and police had not detained the car or its occupants longer than reasonable when they saw what appeared to be the butt of a gun tucked inside the waist band of one of the passengers. The Supreme Court has explained that traffic stops of automobiles pose a danger to police officers and that the danger is heightened by the presence of passengers. *See Maryland v. Wilson*, 519 U.S. 409 (1997). This stop occurred late at night, in a high crime area, and the driver was not able to produce the vehicle registration. Although police can not unduly prolong such a detention without probable cause, they are entitled to briefly detain a car and its occupants in order to conduct a reasonable investigation. *See Terry v. Ohio*, 392 U.S. 1 (1968); *see also*, *United States v. Mosley,* 454 F.3d. 249 (3d Cir. 2006). Since police saw the butt of a gun during this brief traffic stop, it is frivolous to suggest that police could not conduct a pat down search of the car's occupants for their own protection and safety. *See United States v. Yamba*, 506 F.3d 251, 255 (3d Cir. 2007); *Pennsylvania v. Mimms*, 434 U.S. 106 (1977); and *Mosley, supra*. Under *Mimms* and its progeny, it was clearly reasonable for police to conduct a limited search of Lansdowne to see if he was also armed. Indeed, it would have been dangerously foolhardy not to have done so.

Nevertheless, Lansdowne claims that *Ybarra v. Illinois*, 444 U.S. 85 (1979), precludes the police from searching an individual solely because a fellow passenger was armed. We disagree. In *Ybarra*, police officers obtained a warrant to search a tavern and its owner for evidence of possession of heroin. *Ybarra*, 444 U.S. at 88. In executing the warrant, the officers conducted a pat down of each customer in the tavern. *Id*. The court held that "a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable

3

cause to search that person." *Id*. At 91 (citing *Sibron v. New York*, 392 U.S. 40, 62-63 (1968)). That is not this case.

Here, the district court correctly concluded that the officer's search of Lansdowne was based on more than his "mere propinquity" to the other individuals in the car. In addition, unlike the defendant in *Ybarra*, Lansdowne was not in a public establishment when he was searched; he was a passenger in a private car that was stopped pursuant to a legitimate traffic stop. *See Wyoming v. Houghton*, 526 U.S. 295 (1999). In *Houghton*, the Court found that, unlike a tavern patron, a passenger in a car will "often be engaged in a common enterprise with the driver, and have the same interest in concealing the fruits or evidence of their wrong doing." *Houghton*, 526 U.S. at 304-05.

## II.

For all of the above reasons, we will affirm the district court's denial of Lansdowne's Motion to Suppress All Physical Evidence.